IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES SPRINGER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Case No.: 4:24-cv-03811 |
| CITY OF HOUSTON; MARIO DIAZ, | § | |
| JIM SZCZESNIAK, LILIANA RAMBO, | § | |
| STEVE RUNGE, MARIO DIAZ | § | |
|     Defendants. | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

    Plaintiff Charles Springer ("Springer") and Defendant City of Houston ("City") file this Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure, pursuant to the Court's Order Scheduling the Rule 16 Conference With the Court and Setting Out the Court's Requirements for Initial Pretrial Work ("Order").

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    The parties have conferred regularly, and last conferred on January __, 2025.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None at this time.

3. <u>Briefly</u> describe what the case is about.

    Plaintiff was allegedly terminated in retaliation for disclosing purported acts of corruption and illegal activity in violation of the Texas Whistleblower Act, and 42 U.S.C. § 1983.

4. Specify the allegation of federal jurisdiction.

    Plaintiff's 42 U.S.C. § 1983 present a federal question under 28 U.S.C. § 1331. Plaintiff's state law Texas Whistleblower Act claims arise from the same alleged acts or omissions, and it is therefore, appropriate for the court to exercise supplemental jurisdiction over the state law claims pursuant to U.S.C. § 1367(a).

1

5. Name the parties who disagree and the reasons.

   None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   No additional parties are anticipated at this time.

7. List anticipated interventions.

   No interventions anticipated.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Neither party has made Rule 26a disclosures, but the parties did exchange initial disclosures under the Texas Rules of Civil Procedure when the case resided in state district court. The parties will make Rule 26a disclosures within 14 days of the filing of this document.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       The parties have produced some electronically stored information during the pendency of the state court action. The parties will continue to discuss the format and method of subsequent ESI production during these proceedings. Additionally, the parties will request the entry of a mutually agreed protective order that reflects a previously agreed protective order that was entered in the state court action.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       Plaintiff anticipates sending interrogatories to individual Defendants (Steve Runge, Liliana Rambo, James Szczesniak, Mario Diaz) per the DCO.

    C. When and to whom the defendant anticipates it may send interrogatories.

       Defendant anticipates sending additional interrogatories to Plaintiff.

   D.  Of whom and by when the plaintiff anticipates taking oral depositions.

   Steve Runge, Liliana Rambo, James Szczesniak, Mario Diaz before close of discovery, and will Defendants' experts when disclosed.

   E.  Of whom and by when the defendant anticipates taking oral depositions.

   Defendant anticipates deposing Plaintiff Charles Springer, and Plaintiff's experts.

   F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   Plaintiff has previously designated experts in state court, will re-designate per FRCP and DCO.

   G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   Plaintiff will depose Defendant's expert at a reasonable time after disclosure.

   H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   None at this time.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   The parties have exchanged state court discovery in the form of interrogatories, requests for production and TRCP Rule 194 Disclosures during state court proceedings before individual plaintiffs were named.

13. State the date the planned discovery can be reasonably completed.

   August 1, 2025.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   Parties engaged in pre-discovery mediation which was not successful.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Counsel for both parties regularly discuss resolution.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Mediation at any point is reasonable.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to try this case before a magistrate judge.

18. State whether a jury demand has been made and if was made on time.

    Both parties have made timely jury demands.

19. Specify the number of hours it will take to present the evidence in this case.

    32 hours total.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendant City of Houston's Motion to Dismiss (Dkt. 9).

21. List other motions pending.

    No other motions at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Plaintiff Charles Springer lives in Guayaquil, Ecuador and works for Dept. of State. Personal appearances require additional time and coordination.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Defendant City of Houston has filed its Disclosure of Interested Parties (Dkt. 6) on October 28, 2024. Plaintiff filed his Disclosure of Interest Parties (Dkt. 13) on January 1, 2025.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiff, Charles Springer**

O'CONNELL WEST, PLLC
Wesley West
SBN: 24052002
505 W. 12th Street, Suite 200
Austin, Texas 78701
T: (512) 872-3657
F: (512) 309-5388
wes@oconnellwest.com

**Counsel for Defendants:**

Matthew P. Swiger
Senior Assistant City Attorney
State Bar No. 24088495
Federal ID No.: 2276929
matthew.swiger@houstontx.gov
Tel. (832) 393-5941

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77001-0368
Main: (832) 393-6491
Fax (832) 393-6259

**ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON**


_/s/ Wesley D. West_                                              January 8, 2025
Counsel for Plaintiff(s)                                                   Date


_/s/ Matthe Swiger_                                               January 8, 2025
Counsel for Defendant(s)                                                Date